**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **PAMELA L. HARRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: _____** |
| | ) | |
| **v.** | ) | **Jury Demand** |
| | ) | |
| **AMERICAN AIRLINES, INC.;** | ) | |
| **PROSPECT AIRPORT SERVICES, INC.;** | ) | |
| **and JOHN DOE** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT

Plaintiff, Dr. Pamela L. Harrison, brings this action seeking all available damages arising from the Defendants' negligence and breach of contract as described below:

## NATURE OF ACTION

1. This action against Defendants arises from the breach of duties of care to Plaintiff, a 71-year-old, disabled, resident of Tennessee, who was abandoned at gate C15 in the Nashville airport in a wheelchair for hours and hours on May 7, 2023, denied adequate assistance, and then negligently jammed into a seat on an airplane with no room to adequately flex or extend her legs. Due to the deviations from the ordinary duty of care by Defendants, Dr. Harrison experienced cardiac arrest after her delayed flight landed in Chicago, Illinois. Plaintiff spent days in a hospital in Chicago, incurring significant medical expenses. Plaintiff has suffered permanent injuries due to the negligence and mistreatment of Defendants.

2. This is also a breach of contract action. Plaintiff, due to her disability, contracted with Defendants for assistance during travel. She paid a premium for the promised

1

assistance. Defendants breached their contract(s) with the Plaintiff, causing permanent injury as described in the Complaint.

## PARTIES, VENUE AND JURISDICTION

3. Plaintiff, Dr. Pamela L. Harrison is an adult resident of Davidson County, Nashville, Tennessee. She lived in Nashville, Tennessee at the time of the events in this lawsuit. She remains a current resident of Nashville.

4. Defendant American Airlines, Inc. is a Delaware corporation with its principal place of business in Fort Worth, Texas. American Airlines, Inc. routinely conducts business in the State of Tennessee, enters into contracts with Tennessee residents, and has a registered agent in Tennessee. American Airlines, Inc. can be served with process via its registered agent Corporation Service Company, located at 2908 Poston Ave, Nashville, TN 37203. Defendant routinely and regularly contracts with Tennessee residents like Dr. Harrison to provide non-negligent services. Defendant is responsible under the doctrines of respondeat superior and agency law for any actions performed by non-employees described below under a theory of agency or apparent agency. Dr. Harrison believed all relevant persons were acting at the direction of American Airlines, Inc. based on the terms of the contract between the Plaintiff and Defendant.

5. Defendant Prospect Airport Services, Inc. ("Prospect") is an Illinois corporation with its principal place of business in Des Plaines, Illinois. Prospect routinely conducts business in the State of Tennessee, promises to carry out contracts entered into with Tennessee residents, and has a registered agent in Tennessee. Prospect can be served with process via its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, TN 37203. Defendant Prospect routinely and regularly

2

promises to carry out contracts with Tennessee residents like Dr. Harrison to provide non-negligent services. Prospect Airport Services, Inc. is responsible under the doctrines of respondeat superior and agency law for any actions performed by non-employees described below under a theory of agency or apparent agency.

6. Defendant John Doe is an entity responsible for negligence and breach of contract as described in the Complaint. To the extent this entity is later identified in discovery, this Complaint will be amended to add the relevant information to the Complaint about John Doe Defendant.

7. This Court has jurisdiction over the claims pursuant to 28 U.S.C. §1332(a).

8. Venue is proper under 28 U.S.C. §1391.


## FACTS

9. On May 1, 2023, Plaintiff purchased a round-trip ticket for air travel on Sunday, May 7, 2023 from Nashville, Tennessee (airport code BNA) to Chicago, Illinois (airport code ORD) on flight # AA 4951. The plane was scheduled to depart BNA at 4:52 p.m. CST and land in Chicago at 6:40 p.m., CST. This was the first leg in a trip to Rochester, Minnesota. Plaintiff's record locator number for her travel itinerary was XDBJLZ.

10. On May 6, 2023, Plaintiff requested wheelchair service from Defendant American Airlines, Inc. American Airlines contracts with persons like Plaintiff to provide wheelchair service. American Airlines accepted Plaintiff's request and charged her for the service, forming a contract between Plaintiff and American Airlines for this service. Defendant American Airlines agreed to provide non-negligent wheelchair service from the time Plaintiff arrived at the airport until she boarded her plane for Chicago. As an

3

adjunct to her contract with Defendant American Airlines, Plaintiff has been informed American Airlines, Inc. engaged Prospect Airport Services, Inc. to provide wheelchair service as described above. Prospect accepted the engagement, and owed duties to Plaintiff as described in this Complaint.

11. On May 7, 2023, the day of her flight, Defendant American Airlines e-mailed Plaintiff at 12:52 p.m. to confirm that her flight from BNA to ORD was on-time.

12. Prior to her flight, American Airlines also confirmed it would provide the special assistance requested by Plaintiff and would assist Dr. Harrison with her wheelchair.

13. On the afternoon of May 7, 2023, Plaintiff arrived at the airport prior to her flight and was assisted by Defendants, or an agent of Defendants, to her gate, C-15, in her wheelchair. Her walker, which she needs to ambulate on her own, was checked with her luggage. Defendants contractually agreed to assist Plaintiff with anything that she needed to maintain her health and dignity at all times prior to her flight. Plaintiff's flight, scheduled to take-off at 4:52 p.m., was delayed until the late evening hours of May 7. Plaintiff was stranded at the gate, in her wheelchair with no assistance offered or provided by Defendants or their agents. She did not have her walker and could not ambulate on her own. She sat, unable to get up, eat or use the restroom for more than hours upon hours. Defendants provided her with no assistance with food, water or mobility during the extended flight delay. She contacted, or attempted to contact, various representatives of Defendants, but was denied help.

14. Late on the evening of May 7, after being stranded for hours in her wheelchair with no assistance, Plaintiff was finally placed on a plane, into a seat that did not accommodate her condition. She could not extend, or materially flex, her legs.

4

15. When she arrived in Chicago, Illinois, due to Defendants' actions, she experienced ventricular fibrillation progressing to pulseless electrical activity while still on board the plane, as she attempted to rise from her seat. Emergency medical services responded, shocked her, and transported her to Amita Health Resurrection Medical Center. Once at Resurrection Medical Center, serial, high sensitivity troponins confirmed a myocardial infarction.

16. The hours abandoned at the gate, plus continued, forced compression of her legs, caused prolonged stasis and lack of movement of her dependent lower extremities, all of which were a substantial factor in Plaintiff's injuries.

17. Since her discharge from Resurrection Medical Center on May 16, 2023, Dr. Harrison has been hospitalized five (5) or more times to address cardio-pulmonary complications caused by the prolonged stasis when she was abandoned at the gate in Nashville and warehoused without room to move her legs on the plane to Chicago.

## CAUSES OF ACTIONS

### COUNT ONE – NEGLIGENCE BY DEFENDANTS

18. Plaintiff incorporates all allegations stated in Paragraphs 1 – 17.

19. Defendants owed Plaintiff a duty of care to provide reasonable and non-negligent wheelchair assistance at all times from when Plaintiff arrived at BNA to when she boarded her plane. Defendants breached this duty by leaving Plaintiff stranded for hours in her wheelchair with no assistance. Defendants further breached their duty by denying assistance when requested. Defendants' breach of their ordinary duty of care caused Plaintiff's injuries, as outlined in the factual recitation in the Complaint.

5

20. The standard of care required Defendants to provide, at a minimum, (a) seating that meets the individual's needs, and (b) to not leave a passenger unattended for more than 30 minutes. Defendants breached the standard of care by abandoning Plaintiff at the airport during a lengthy delay, and by placing her in an inappropriate seat on the airplane, preventing meaningful flexion or extension of her lower extremities.

21. Plaintiff's injuries were proximately caused by Defendants' negligence described above. Defendants' negligence was the legal cause of Plaintiff's injuries.

22. Defendants are vicariously responsible for the conduct of any employees, agents or apparent agents for the negligent conduct described fully in this Complaint.

## COUNT TWO – BREACH OF CONTRACT BY DEFENDANTS

23. Plaintiff incorporates all allegations stated in Paragraphs 1 – 22.

24. Defendants charged for and contractually agreed to provide Plaintiff with all assistance she needed from the time she arrived at the airport until the time she arrived in Chicago, Illinois. Defendants breached this duty as outlined in the Complaint.

25. The parties' contract was a privately ordered obligation.

26. It was foreseeable, or should have been foreseeable, to Defendants that Defendants' breach of their contracts with Plaintiff would cause injuries similar to those outlined in the Complaint.

27. Defendants breach of their contracts with Plaintiff caused the injuries described in the Complaint. Plaintiff seeks all recoverable damages related to breach of contract.

## COUNT THREE – VICARIOUS LIABILITY

28. Plaintiff incorporates all allegations stated in Paragraphs 1 – 27.

29. Defendant American Airlines is vicariously liable for the conduct of its agent, Prospect Airport Services, Inc. under the doctrine of respondeat superior. Plaintiff looked to American to provide the services contracted for through American Airlines, regardless of whether performed by American Airlines or its agent or apparent agent, Prospect. If John Doe performed some or all of the services contracted for by American, American is vicariously liable for the actions of this agent or apparent agent.

## THE LAW

30. The Airline Deregulation Act does not apply to this cause of action. The common law of due care in providing a wheelchair and assistance prior to boarding an aircraft has not been preempted by federal statute or regulation.

## DAMAGES

31. Due to Defendants' negligence and/or breach of contract, Plaintiff has suffered extraordinary, devastating, and permanent damages.

32. Plaintiffs seek all damages recoverable by law against the Defendants, such as economic damages - including medical expenses - and noneconomic damages - including pain and suffering and mental anguish.

33. Plaintiff seeks punitive damages. Clear and convincing evidence demonstrates that Defendants' conduct was reckless. Punitive damages are appropriate to punish Defendant and ensure this egregious scenario does not occur again.

7

34. Plaintiff demands $5,000,000.00 in damages from the Defendants.

35. Plaintiff alleges that the applicable damage restrictions, codified at Tenn. Code Ann. §29-39-101, are unconstitutional.

## REQUEST FOR TRIAL BY JURY

36. Plaintiff demands a jury to hear all issues identified in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands a jury to try the case and assess damages against the Defendants, including -

   a)  All compensatory damages allowable;

   b)  Punitive damages due to Defendant's reckless conduct;

   c)  All legally permitted pre-judgment and post-judgment interest;

   d)  Cost of suit; and

   e)  Such other and further relief to which they may be entitled.

**Respectfully submitted,**

**GIDEON, ESSARY, TARDIO & CARTER, PLC**

**/s/ J. Blake Carter**
**C.J. Gideon, Jr., #006034**
**J. Blake Carter, #030098**
4400 Harding Pike, Suite 1000
Nashville, TN 37205
(615) 254-0400
(615) 254-0459 (fax)
cj@getclawfirm.com
blake@getclawfirm.com

8